**In re MISSION CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.**

No. 13–99–082–CV.

Court of Appeals of Texas, Corpus Christi.

April 8, 1999.

Leonard J. Schwartz, Kelli Hamm Karczewski, Schwartz & Eichelbaum, P.C., Austin, for relators.

Miguel A. Saldana, Brownsville, for real party in interest.

Before Chief Justice SEERDEN and Justices YAÑEZ and CHAVEZ.

## OPINION

Chief Justice SEERDEN.

Mission Consolidated Independent School District (Mission) brings the present petition for writ of mandamus to compel the trial court to rule on a "no-evidence" motion for summary judgment. We conditionally grant mandamus relief.

Alma E. Ramirez sued Mission and its employee, Gus Zapata, for sexual harassment. On August 12, 1998, Mission filed a no-evidence summary judgment motion under Texas Rule of Civil Procedure 166a(i), disputing the elements of Ramirez's claim, in particular that she had not followed the statutory requirements in order to charge Mission with liability for the Zapata's conduct. Ramirez failed to respond to the motion for summary judgment. The trial court then heard the motion on September 24, 1998, and granted summary judgment for Zapata, but has not yet ruled on Mission's motion for summary judgment.

■ Mission brings the present mandamus proceeding complaining that Ramirez's failure to respond to its motion entitles it to summary judgment, and that the trial court's failure to rule on the motion amounts to an abuse of discretion.

■ Rule 166a(i) provides that, upon the filing of a "no evidence" summary judgment motion, "[t]he court *must* grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." (Emphasis added). Accordingly, Mission argues that the trial court had no discretion to deny its motion for summary judgment after Ramirez failed to respond, and that this Court may issue a writ of mandamus ordering the trial court to grant the motion.

However, the comment to the 1997 amendment that added this subsection to Rule 166a specifically provides that "[t]he denial of a motion under paragraph (i) is no more reviewable by appeal or mandamus than the denial of a motion under paragraph (c) [concerning the proceedings under ordinary summary judgment motions]." The Texas Supreme Court's order approving the amendment, moreover, provides that the comments are intended to "inform the construction and application of the rule."

■ Mandamus relief is not normally available to review the denial of a motion for summary judgment. *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex.1985); *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 497 (Tex.App.—Texarkana 1998, orig. proceeding); *Humphreys v. Caldwell*, 881 S.W.2d 940, 942 (Tex.App.—Corpus Christi 1994, orig. proceeding). In particular, at least one other court of appeals has concluded that an order denying a Rule 166a(i) summary judgment motion is not reviewable by mandamus. *See Mohawk*, 982 S.W.2d at 497. In *Mohawk*, the non-movant did respond to the motion and the disposition of that motion in the trial court turned on the specificity of the motion and what was required by way of evidence presented in response. In the present case, we are faced with the more basic question of what is required of the trial court when the non-movant fails to respond at all.

■ Though Rule 166a(i) plainly states that the motion "must" be granted absent a proper response, under the construction of Rule 166a(i) required by the comments, we do not have the authority by mandamus to review a denial of that motion or to require the trial court to grant the present "no evidence" motion for summary judgment.

However, in the present case, Mission complains that the trial court has refused even to rule on the motion for summary judgment.

Because a trial judge may not arbitrarily halt trial proceedings, courts of appeals have the power by mandamus to compel the trial judge to proceed to trial and judgment in a case, but not the power to control the character of the judgment. *Cooke v. Millard,* 854 S.W.2d 134, 135 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding); *Greenberg, Benson, Fisk and Fielder, P.C. v. Howell,* 685 S.W.2d 694, 695 (Tex.App.—Dallas 1984, orig. proceeding). In addition, courts of appeals have the power to compel the trial judge by mandamus to rule on pending motions. *See Cooke,* 854 S.W.2d at 135 (motion to sever); *Howell,* 685 S.W.2d at 695 (motion to recuse trial judge); *see also Grant v. Wood,* 916 S.W.2d 42, 45–46 (Tex.App.—Houston [1st Dist.] 1995, orig. proceeding) (trial court commits a clear abuse of discretion when it refuses to exercise its discretion to hear and rule on pending motions).

Accordingly, the trial court's refusal to rule on a motion for summary judgment within a reasonable time after it is filed and heard may amount to an abuse of discretion, and entitle the complaining party to a writ of mandamus compelling the trial judge to rule. *See Grant,* 916 S.W.2d at 45–46.

The purpose of the newly established "no-evidence" summary judgment motion is to enable the movant to file the equivalent of a motion for directed verdict at the pretrial stage of the lawsuit and thus to dispose of unsubstantiated claims early in the process. *See* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 HOUSTON LAW REVIEW 1303, 1356 (1998). However, unless the trial court rules on the motion, the purpose of the rule is thwarted.

In the present case, some eight months have elapsed since the motion was filed and seven months since the trial court heard the motion. Ramirez has failed to respond to the motion in the trial court. In addition, after the petition for mandamus was filed in this Court, both Ramirez and the trial court were notified of the petition on February 22, 1999, and given an opportunity to respond. Yet, neither has responded to the petition or provided any reason for the delay in ruling. Accordingly, we conclude that mandamus is appropriate to compel the trial court to rule on the pending motion for summary judgment.

We conditionally issue a writ of mandamus ordering the trial court to rule on the present "no-evidence" motion for summary judgment. However, should the trial court rule on the motion for summary judgment within 20 days from this date, the writ will not issue.