COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-272-CV
   
  
  
IN 
RE                                                                                     RELATORS
BANC 
OF AMERICA INVESTMENT
SERVICES, 
INC., MICHAEL DEGOLIER,
AND 
TERRY JOHNSON
  
  
  
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
this original proceeding, relators Banc of America Investment Services, Inc., 
Michael Degolier, and Terry Johnson complain of the trial court’s failure to 
rule on their motion to compel arbitration.  We conditionally grant 
mandamus relief.
        Real 
party in interest Marie Lancaster (“RPI”) filed the underlying suit against 
relators on April 19, 2004, alleging that relators mishandled her brokerage 
account.  The parties disagree on the enforceability of arbitration 
provisions found in three different customer agreements between them, so 
relators filed a motion to compel arbitration on May 21, 2004.  The trial 
court judge held a hearing on this motion on June 18, 2004, and again on 
September 3, 2004, but has yet to issue a ruling.
        In 
deciding whether a writ of mandamus is appropriate, we recognize that mandamus 
will issue only to correct a clear abuse of discretion or the violation of a 
duty imposed by law when there is no other adequate remedy at law.  Walker 
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).
        To 
merit mandamus relief, relators must show that they have no adequate remedy at 
law and that the act they seek to compel is purely ministerial, as opposed to 
discretionary or judicial in nature.  Eubanks v. Mullin, 909 S.W.2d 
574, 576 (Tex. App.—Fort Worth 1995, orig. proceeding).  Ruling upon a 
properly filed, pending motion is a ministerial act.  In re Bonds, 
57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding); see also 
Eli Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (orig. 
proceeding) (mandamus conditionally issued to compel trial court to conduct a 
hearing and render a decision on a discovery motion).  But we do have the 
power to compel trial courts to rule on pending motions.  In re Mission 
Consol. Indep. Sch. Dist., 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi 
1999, orig. proceeding).
        The 
trial court has no discretion to refuse to hear and rule on a properly filed, 
pending motion because a refusal to timely rule on a motion frustrates the 
judicial system and constitutes a denial of due course of law.  In re 
Ramirez, 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig. 
proceeding).  This requirement does not interfere with the trial court’s 
discretion because a trial court has no discretion to refuse to rule.  See 
id. at 684.  But the trial court retains discretion to determine how to 
rule, and under no circumstances may we tell the trial court how to rule.  Womack 
v. Berry, 156 Tex. 44, 291 S.W.2d 677, 682 (1956); Ramirez, 994 
S.W.2d at 684.  Accordingly, we express no opinion on the merits of 
relators’ motion to compel arbitration.
        In 
this case, relators’ motion to compel arbitration has been on file for over 
five months.  This motion deals with the enforceability of arbitration 
provisions, which the trial court is supposed to “summarily 
determine.”  Tex. Civ. Prac. & 
Rem. Code Ann. § 171.021(b) (Vernon Supp. 2004-05).  
“Summarily” means using summary procedure, but it also connotes “acting 
quickly, without delay.”  In re MHI P’ship, 7 S.W.3d 918, 922 
(Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).  If the 
arbitration agreement is enforceable, it is inappropriate for the case to remain 
in the trial court.  See Pepe Int’l. Dev. Co. v. Pub Brewing 
Co., 915 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1996, orig. 
proceeding) (“Once a trial court determines that a valid agreement to 
arbitrate exists and that the claim raised falls within the scope of that 
agreement, it has no discretion but to compel arbitration and stay its 
proceedings pending arbitration.”).
        The 
trial court has held two hearings on the motion but has not issued a 
ruling.  Meanwhile, the RPI’s health continues to deteriorate, yet the 
parties cannot move forward with this case until the judge rules as to the 
appropriate forum—arbitration or litigation in state court.[2]  
Under these circumstances, mandamus is appropriate as a means of compelling the 
trial court to rule on relators’ motion.  See, e.g., Eli Lilly 
& Co., 829 S.W.2d at 158; In re MHI P’ship, 7 S.W.3d at 
923.  We hold that the trial court must either deny or grant relators’ 
motion.
        For 
these reasons, we conditionally grant relators’ petition for writ of 
mandamus.  Accordingly, the trial court is directed to consider relators’ 
motion to compel arbitration and expeditiously enter an order on the motion 
within fifteen days of the date of this opinion.  The writ will issue only 
if the trial court fails to comply with this opinion.
    
  
                                                  TERRIE 
LIVINGSTON
                                                  JUSTICE
  
  
  
PANEL 
A: CAYCE, C.J.; LIVINGSTON AND WALKER, JJ.
 
DELIVERED: 
October 28, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The trial court has ordered the RPI’s deposition to be taken in the interim.