02-11-248-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00248-CV

 

 


 
 
 In re Texas Department of Family and Protective
 Services
 
 
  
 
 
 RELATOR
 
 


 

 

----------

 

ORIGINAL
PROCEEDING

----------

OPINION

----------

I.  Introduction

          Relator
Texas Department of Family and Protective Services (TDFPS) filed a petition for
writ of mandamus requesting this court to order the associate judge and the
county court at law judge (1) to vacate the June 10, 2011 order for a
monitored return of M.P., a child, to his mother and (2) to issue a ruling
by a certain date in the final bench trial involving the termination of the
parent-child relationship between M.P. and his parents.  We will conditionally
grant the petition in part and deny the petition in part.

II.  Background

          On
September 10, 2009, TDFPS filed its original petition for protection of a
child, M.P.; for conservatorship; and for termination in suit affecting the parent-child
relationship.  On October 16, 2009, after a full adversary hearing, the associate
judge found a continuing danger to the physical health or safety of M.P. and
named TDFPS temporary managing conservator of M.P.  Close to a year later, on September
9, 2010, the associate judge ordered a monitored return of M.P. to Mother and
set a new dismissal date of February 12, 2011.  Approximately two and a half months
later, however, on November 30, 2010, the associate judge issued a monitored
return disruption order, finding that M.P. had been removed from the monitored
return placement with Mother and that Mother was no longer able to provide M.P.
with a safe environment.  The associate judge consequently set a new dismissal
date of May 15, 2011.

          The
final bench trial on the termination of the parent-child relationship between
M.P. and his parents commenced on May 9, 2011.  On May 11, 2011, TDFPS, Mother,
Father, and the attorney ad litem for M.P. rested and made closing
arguments.  The associate judge reserved her ruling for a later date.  At a
hearing on May 20, 2011—five days after the May 15, 2011 dismissal date—the associate
judge explained to the parties that she was ordering a monitored return of M.P.
to his mother and that she would give the parties an opportunity to reopen the
evidence in the termination trial at the conclusion of the monitored return.  The
associate judge stated in relevant part as follows:

          Basically,
I have a real problem with ruling just out straight in this case, so what I’m going
to do - - And I have conferred with some sources around the State, so I
think that I’m within my grounds to do this.

 

          I am going
to order in the middle [of] this final hearing, a monitored return, and . . .
I will reserve a ruling of any kind on the final hearing.

 

                   . . . .

          So I’m
going to reserve the ruling.  What I’m going to ask all of you to do . . .
is either stipulate or enter a Rule 11, whichever y’all would like to do, as to
the court reporter’s record, okay?

 

          And in
that, what it would do is that it would be admitted as a   - - as an
exhibit . . . either in a subsequent temporary hearing or upon the
continuation of a trial in what I’m continuing here today.  And that would be
my allowing y’all to re-open testimony because all that you did was rest and I
took it under advisement, and I believe the law does allow us to let you
re-open testimony.

 

          By allowing
you to re-open evidence, though, that will be only for matters that transpire
after the last date evidence was admitted in the trial so far.

 

          On
June 10, 2011, the associate judge signed an order for a monitored return of
M.P. to his mother and set a new dismissal date of November 15, 2011.  TDFPS
appealed the order to the county court at law number one, which signed an order
adopting the June 10, 2011 monitored return order but granted TDFPS’s motion
for emergency stay, pending our review of this petition.

III.  Standard of Review

          Mandamus relief is proper
only to correct a clear abuse of discretion when there is no adequate remedy by
appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135–36
(Tex. 2004) (orig. proceeding).  A trial court clearly abuses its discretion
when it reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.  Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992) (orig. proceeding).  A trial court has no discretion in
determining what the law is or in applying the law to the facts.  Prudential,
148 S.W.3d at 135.  We may not substitute our decision for that of the trial court
unless the relator establishes that the trial court could reasonably have
reached only one decision and that the trial court’s decision is arbitrary and
unreasonable.  Walker, 827 S.W.2d at 839–40.

IV.  Jurisdiction

          The
county court at law adopted the associate judge’s June 10, 2011 monitored
return order, and this court has mandamus jurisdiction over a county court.  See
Tex. Gov’t Code Ann. § 22.221(b) (West 2004).  However, to the extent that
TDFPS asks us to issue a writ of mandamus not only against the county court at
law but also against the associate judge, we do not have mandamus jurisdiction
over an associate judge.[1]  See id. (providing
for mandamus jurisdiction over a judge of a district or county court); In re
Walker, No. 01-08-00253-CV, 2008 WL 1830400, at *1 (Tex. App.—Houston [1st
Dist.] Apr. 18, 2008, orig. proceeding) (mem. op.).  Therefore, we dismiss the
claims, if any, against the associate judge.

V.  Monitored Return

          In
its second issue, TDFPS challenges the June 10, 2011 monitored return order,
arguing “that the monitored return issued after the mandated dismissal
date is an illegal, void order that does not extend the timeframe in this
case.”

          Family
code section 263.403 governs monitored returns.  Tex. Fam. Code Ann. § 263.403
(West 2008); see In re J.W.M., 153 S.W.3d 541, 544–45 (Tex.
App.—Amarillo 2004, pet. denied) (discussing facts of appeal in context of family
code section 263.403).  Subsection (a) of the statute provides as follows:

          (a)     Notwithstanding
Section 263.401, the court may retain jurisdiction and not dismiss the suit or
render a final order as required by that section if the court renders a
temporary order that:

 

       (1)   finds
that retaining jurisdiction under this section is in the best interest of the
child;

 

       (2)   orders
the department to return the child to the child’s parent; 

 

       (3)   orders
the department to continue to serve as temporary managing conservator of the
child; and

 

       (4)   orders
the department to monitor the child’s placement to ensure that the child is in
a safe environment.[[2]]

 

Tex.
Fam. Code Ann. § 263.403(a).  If the trial court renders such an order, subsection
(b) requires the court to “(1) include in the order specific findings
regarding the grounds for the order” and “(2) schedule a new date, not later
than the 180th day after the date the temporary order is rendered, for
dismissal of the suit unless a trial on the merits has commenced.”  Id.
§ 263.403(b).  Subsection (c) of section 263.403 addresses when a
monitored return is disrupted and the child is returned to the care of TDFPS
and requires the trial court to set a new dismissal date, stating as follows:

          (c)     If
a child placed with a parent under this section must be moved from that home by
the department before the dismissal of the suit or the commencement of the
trial on the merits, the court shall, at the time of the move, schedule a new
date for dismissal of the suit unless a trial on the merits has commenced.  The
new dismissal date may not be later than the original dismissal date established
under Section 263.401 or the 180th day after the date the child is moved under
this subsection, whichever date is later.

 

Id. § 263.403(c).

          Our
analysis of this issue is guided by well-established rules of statutory
construction.  The primary objective when construing a statute is to give
effect to the legislature’s intent.  State v. Shumake, 199 S.W.3d 279,
284 (Tex. 2006).  We rely on the plain and common meaning of the text unless a
different meaning is supplied by legislative definition or is apparent from
context, or unless such a construction leads to absurd results.  City of
Rockwall v. Hughes, 246 S.W.3d 621, 625–26 (Tex. 2008).  Every word of a
statute must be presumed to have been used for a purpose, and every word
excluded from a statute must be presumed to have been excluded for a purpose.  Cameron
v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981).  We must
not engage in a forced or strained construction of the statute; instead, we
must yield to the plain sense of the words that the legislature chose.  St.
Luke’s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997) (citing RepublicBank
Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex. 1985)).

          The
record demonstrates that the associate judge complied with the requirements of
family code section 263.403 up until she ordered a monitored return of M.P. to
his mother after the dismissal date had passed.  Specifically, the associate
judge timely ordered a monitored return of M.P. to his mother on September 9, 2010. 
In the order, the associate judge included the required findings set out in section
263.403(a) and, as required by section 263.403(b), included the specific
findings regarding the grounds for the order and set a new dismissal date of
February 12, 2011.  See Tex. Fam. Code Ann. § 263.403(a), (b).  On
November 30, 2010, the associate judge signed a monitored return disruption
order.  Consistent with section 263.403(c), the associate judge set a new
dismissal date of May 15, 2011—a date not later than the 180th day after the
date that the monitored return was disrupted.  See id. § 263.403(c).
 On May 20, 2011, after the final termination trial had commenced and after the
May 15, 2011 dismissal date had passed, the associate judge ordered a monitored
return of M.P. to his mother.  The associate judge subsequently signed an order
for the monitored return, which the county court at law adopted.  Significantly,
there is no contention by any party that the monitored return was ordered under
any authority other than family code section 263.403.[3]

          Although
section 263.403 allows the trial court to retain jurisdiction and enter an
order for the monitored return of a child beyond the provisions of family code section
263.401, see J.W.M., 153 S.W.3d at 545, section 263.403 contains
its own dismissal date requirements that the trial court “shall” abide by.  See
Tex. Fam. Code Ann. § 263.403(c); see also Wichita Cnty., Tex. v. Hart,
917 S.W.2d 779, 781 (Tex. 1996) (stating that the court has “noted that the
Legislature’s use of the word ‘shall’ in a statute generally indicates the
mandatory character of the provision”).  Simply put, no part of the plain and
unambiguous terms of section 263.403 permits a trial court to order a monitored
return after the dismissal date established by subsection (c) of section
263.403 has passed.  See Tex. Fam. Code Ann. § 263.403(c).

          When
the associate judge announced that she was ordering a monitored return, she stated
that she was doing so “in the middle [of] this final hearing,” and she also
said, “I think I can do this in the middle of this.”  Subsection
(c) of section 263.403 requires the trial court to schedule a new date for
dismissal of the suit “unless a trial on the merits has commenced.”  Tex. Fam.
Code Ann. § 263.403(c); see also Tex. Fam. Code Ann. § 263.401(a),
(b) (requiring dismissal “[u]nless the court has commenced the trial on the
merits”).  The associate judge thus appeared to rely on section 263.403(c)’s “unless
a trial on the merits has commenced” language as authority for ordering the post-dismissal
date monitored return because M.P.’s termination trial had commenced before the
May 15, 2011 dismissal date.  However, we cannot agree that the legislature
intended that section 263.403(c) be used to permit a trial court to bypass the
dismissal date and order a monitored return so long as the final trial on the
merits has commenced before the dismissal date.  Such a constrained construction
necessarily renders meaningless the purpose of section 263.403(c), which is to set
a date certain for dismissal of the suit or to bring the suit to a final
resolution following a trial on the merits.  If the legislature had intended to
vest the trial court with the discretion to order a monitored return after the
dismissal date had passed but prior to rendering judgment in a trial commenced
before the dismissal date, it could have easily done so by specifically
authorizing that action by the trial court.  But it did not, and we must
presume that the legislature excluded such language from section 263.403 for a
purpose—that purpose being bringing finality to the termination suit.

          Real
parties in interest argue that there was no abuse of discretion in ordering the
monitored return after the dismissal date because “[t]here is nothing in
Section 263.403 that requires that the monitored return be ordered prior to the
dismissal date of May 15, 2011.”  We disagree.  The statute requires the trial
court to schedule a date “for dismissal of the suit” in no less than two
subsections of section 263.403.  Tex. Fam. Code Ann. § 263.403(b), (c).  Considering
the statute’s language as a whole, we construe section 263.403 to deny the
trial court authority to order a monitored return after the date for which the
suit is scheduled for dismissal.

          Real
parties in interest argue that “[a]s long as the [trial court] retains
jurisdiction, it has the authority to issue any orders, temporary or final, it
deems appropriate,” but they provide no authority for this contention.

          We
hold that the county court at law clearly abused its discretion by ordering a
monitored return of M.P. to his mother after the May 15, 2011 dismissal date
had passed.  Accordingly, we sustain TDFPS’s second issue.

VI.  Rendition

          In
its first issue, TDFPS argues that the associate judge abused her discretion by
refusing to issue a final ruling after all of the parties rested and closed the
evidence at the final termination bench trial.  It contends that the associate
judge had only three choices when the parties rested and closed—(1) termination,
(2) permanent managing conservatorship, or (3) sending M.P. home—and
that she “refused to exercise her discretion between [the] three choices.”

          To
the extent that this issue is subsumed within the county court at law’s
adoption of the monitored return order,[4] at the hearing on May 20,
2011, the associate judge did not inform the parties that she was refusing to
render judgment and then send them on their way with no further orders. 
Rather, the record is clear that the associate judge ordered a monitored return
of M.P. to his mother, continued the trial, and informed the parties that they
would have an opportunity to reopen the evidence and elicit testimony regarding
matters that transpired since the last day of testimony.  Thus, the associate
judge did not render judgment, but she did not do so only because she was
operating under the impression that the case was ongoing and not yet ripe for
judgment—because she had ordered a monitored return and continued the trial. 
We have determined in this original proceeding that the county court at law abused
its discretion by ordering a monitored return.  Now that this issue has been addressed
and resolved, the case is ripe for judgment.  All parties have rested and
closed, but there has been no motion for judgment filed.  Accordingly, at this
stage of the litigation, and in light of the unique procedural history of this
case, we decline to direct the trial court to do something (render a judgment)
that it has not specifically been requested to do and has not yet refused to
do.[5] 
See Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 556 (Tex. 1990)
(reasoning that mandamus relief generally requires a predicate request for an
action and a refusal of that request).  We overrule TDFPS’s first issue.

VII.  Conclusion

          The
monitored return order is interlocutory, and there is no statute that
authorizes an interlocutory appeal of the order.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014 (West 2008) (listing appealable
interlocutory orders); Tex. Fam. Code Ann. § 105.001(e) (West 2008) (stating
that temporary orders are not subject to interlocutory appeal); J.W.M.,
153 S.W.3d at 544 (describing monitored return order as a temporary order). 
Considering all of the pertinent facts of the case, including that the associate
judge expressed an intention to allow the parties to reopen the evidence in the
termination trial and elicit additional testimony, the benefits to mandamus are
not outweighed by the detriments, if any.  See Prudential, 148 S.W.3d at
136.  Thus, TDFPS has no adequate remedy by appeal.

          Having
sustained TDFPS’s second issue, we conditionally grant a writ of mandamus
directing the county court at law to vacate the June 10, 2011 order for a
monitored return of M.P. to his mother—leaving the case ripe for a final
judgment.  A writ will issue only if the court fails to do so.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER, MCCOY, and MEIER,
JJ.

 

DELIVERED:  August 11, 2011









[1]TDFPS states in its
petition that it “has no meaningful option but to ask this Court to vacate the
Referring Court and the CPC’s illegal monitored return order.” 
[Emphasis added.]





[2]Family code section
263.401 provides that unless the trial court has commenced the trial on the
merits or granted an extension, it must dismiss the suit on the first Monday
after the first anniversary of the date the court rendered a temporary order
appointing TDFPS temporary managing conservator in a suit affecting the
parent-child relationship.  Tex. Fam. Code Ann. § 263.401(a), (b) (West
2008).





[3]We also note that because
there is no final judgment in the termination trial, it would be premature to
consider the various options that the trial court has when it does render
judgment in the termination suit.  See Tex. Fam. Code Ann. §§ 161.205,
161.206, 263.404 (West 2008).





[4]Otherwise, we do not have
mandamus jurisdiction over the associate judge.





[5]The mandamus cases that
TDFPS cites relating to a trial court’s refusal to rule on a pending motion are
therefore inapposite.  See Eli Lilly & Co. v. Marshall, 829 S.W.2d
157, 158 (Tex. 1992) (orig. proceeding); In re Mission Consol. ISD,
990 S.W.2d 459, 461 (Tex. App.—Corpus Christi 1999, orig. proceeding [mand.
denied]); In re Maasoumi, No. 05-08-01074-CV, 2008 WL 4881328, at
*3 (Tex. App.—Dallas Nov. 13, 2008, orig. proceeding) (mem. op.).