

## NUMBER 13-12-00678-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN RE KENNETH FOX SUPPLY COMPANY
### D/B/A FOX PACKAGING

### On Petition for Writ of Mandamus

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Vela
### Memorandum Opinion Per Curiam

Relator, Kenneth Fox Supply Company d/b/a Fox Packaging ("Fox"), has filed a petition for writ of mandamus in which it contends that respondent, the Honorable Bobby Flores, presiding judge of the 139th Judicial District Court of Hidalgo County, Texas, abused his discretion, leaving Fox without an adequate appellate remedy, by refusing to rule on Fox's motion to compel arbitration. On November 5, 2012, we ordered real party in interest, Damien Hernandez, to file any response to Fox's petition with this Court on or before Friday, November 16, 2012. No response has been filed.

1

The underlying case is a personal injury suit filed by Hernandez against Fox, his employer, in January 2011. Fox answered the suit on February 10, 2011 and requested that the trial court abate the case and compel the parties to participate in arbitration. Fox alleged that, pursuant to the terms of the employment agreement between the parties, Hernandez agreed to arbitrate all employment-related disputes, including any work-related injury suffered by Hernandez in the course and scope of his employment. On March 29, 2011, Fox filed a motion to compel arbitration. On August 12, 2011, the trial court rendered an order stating in its entirety as follows:

> IT IS HEREBY ORDERED that the parties exchange the names of three (3) arbitrators by September 2nd, 2011.
>
> IT IS FURTHER ORDERED that the parties reach an agreement as to the arbitrator and if no agreement is reached by and between the parties, the Court will name the arbitrator.
>
> IT IS FURTHER ORDERED that the Clerk of the Court notify all parties of this ruling.
>
> SIGNED FOR ENTRY this 12th day of August 2011.

Noting that the August 12, 2011 order did not explicitly rule on Fox's motion to compel arbitration, Fox filed a motion to clarify the order. The trial court held a hearing on the motion to clarify but did not rule on the motion.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court within a reasonable time and mandamus may issue to compel the judge to act. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *see In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi 1999, orig. proceeding) ("[C]ourts of appeals have the power to compel the trial judge by mandamus to rule on pending motions."). Here, the record

provided by Fox shows that the motion to compel arbitration has been pending since March 29, 2011. Accordingly, more than a reasonable amount of time has passed since the motion was filed. Moreover, Fox has demanded that the trial court rule on the motion and the trial court has not done so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) ("Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal.").

Having fully reviewed Fox's petition for writ of mandamus and the record documents provided by Fox, we CONDITIONALLY GRANT the relief requested by Fox and direct the trial court to rule on Fox's motion to compel arbitration in writing within thirty (30) days from the date of this order. The writ of mandamus will issue only if the trial court fails to comply with our directive. Any relief requested by Fox but not expressly granted herein is denied.

PER CURIAM

Delivered and filed the
20th day of November, 2012.