

# NUMBER 13-23-00460-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JEFFREY C. REESE, M.D.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria[1]

On October 27, 2023, relator Jeffrey C. Reese, M.D. filed a petition for writ of

mandamus asserting that the trial court[2] has abused its discretion by failing to rule on

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2021-DCL-4240 in the 138th District Court of Cameron County, Texas, and the respondent is the Honorable Gabriela Garcia. *See id*. R. 52.2.

relator's motion for summary judgment. We conditionally grant the petition for writ of mandamus.

## I.    BACKGROUND

On July 20, 2021, real party in interest Carlos Garcia filed a healthcare liability claim against relator and others[3] to recover damages allegedly sustained as a result of medical malpractice. Garcia alleged that on or about August 1, 2011, relator and others represented that they had removed his gallbladder but failed to actually do so, causing him to suffer continuing health problems. Garcia alleged that he discovered that his gallbladder had not been removed on or about June 9, 2020.

On June 14, 2022, relator filed a traditional motion for summary judgment based on the expiration of the statute of limitations. *See* TEX. R. CIV. P. 166a(c); TEX. CIV. PRAC. & REM. CODE ANN. § 74.251. Relator asserted that the two-year statute of limitations commenced on the date of Garcia's August 1, 2011 surgery; thus, the statute of limitations expired on August 1, 2013, and accordingly, all of Garcia's claims against relator were barred.

On June 20, 2022, Garcia filed an amended petition naming relator as the sole defendant. Garcia also filed a response to relator's motion for summary judgment. On July 25, 2022, relator filed a reply to Garcia's response, and on July 26, 2022, Garcia filed a sur-response to relator's reply.

The trial court originally set relator's motion for summary judgment to be submitted to the court without a hearing on July 27, 2022; however, the trial court later set a hearing on the motion to be held on November 14, 2022. On November 14, 2022, the parties

---

[3] Garcia also filed suit against Valley Baptist Hospital and Luis M. Garcia, M.D.; however, these defendants were dismissed from the lawsuit and are not parties to this original proceeding.

appeared and presented argument regarding the merits of relator's motion for summary judgment. The trial court did not issue a ruling on relator's motion for summary judgment.

On November 21, 2022, Garcia's counsel submitted a letter to the trial court requesting a status on the trial court's decision regarding relator's motion for summary judgment, providing additional argument, and requesting the trial court to deny relator's motion for summary judgment.

On February 8, 2023, relator's counsel submitted a letter to the trial court advising it that the parties had yet to receive a ruling on the motion for summary judgment, requesting the trial court to notify the parties if it needed additional information or if it required an additional hearing on the motion, and noting that the motion for summary judgment, if granted, would dispose of all pending claims.

On March 1, 2023, Garcia's counsel submitted correspondence to the trial court advising that the parties had "been waiting three and a half months for a decision" on the motion for summary judgment, providing additional argument regarding the merits, and contending that the motion should be denied.

On March 3, 2023, relator's counsel filed correspondence with the trial court stating that relator's motion for summary judgment was filed on June 13, 2022, and was heard on November 14, 2022; however, the trial court had not yet issued a ruling on the motion for summary judgment. Relator's counsel again asked the trial court if it needed additional information or an additional hearing to resolve the motion.

On March 9, 2023 and March 30, 2023, relator's counsel submitted letters to the trial court advising the trial court of the pending motion and its chronology, requesting the

trial court to make a ruling on the motion for summary judgment, and providing a proposed order granting the motion to the trial court.

On July 5, 2023, relator's counsel again submitted correspondence to the trial court advising it that the motion for summary judgment remained pending, providing additional argument in support of the motion, and requesting the trial court to make a ruling.

On October 20, 2023, relator's counsel submitted a letter to the trial court "following up" on the July 5, 2023 letter and asking the court to make a ruling on the motion for summary judgment.

This original proceeding ensued on October 27, 2023. By one issue, relator asserts that the trial court has abused its discretion by failing to rule on the motion for summary judgment. This Court requested and received a response to the petition for writ of mandamus from Garcia. *See* Tex. R. App. P. 52.4, 52.8. Garcia asserts that the record does not "clearly and conclusively" establish that the trial court abused its discretion by refusing to rule.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two

4

requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III.    MINISTERIAL DUTY TO RULE ON A MOTION

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and thus the trial court had a legal duty to rule; (2) the relator requested a ruling on the motion; and (3) the trial court failed or refused to rule within a reasonable time. *See In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. See *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to any exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *See In re Mesa Petrol. Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion,

5

its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29.

Courts have applied the foregoing rules to grant mandamus relief in cases concerning various periods of delay in ruling. *See, e.g.*, *In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 257 (Tex. App.—El Paso 2021, orig. proceeding); *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding [mand. denied]); *see also In re City of Edinburg*, Nos. 13-23-00131-CV & 13-23-00132-CV, 2023 WL 3185808, at *1 (Tex. App.—Corpus Christi–Edinburg May 1, 2023, orig. proceeding) (mem. op.) (collecting cases). In considering the alleged period of delay, we recognize that trial courts have broad discretion in how they conduct business in their courtroom and control their docket. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Castro v. Schlumberger Tech. Corp.*, 673 S.W.3d 294, 305 (Tex. App.—San Antonio 2023, no pet.); *Jacobs v. State*, 594 S.W.3d 377, 382 (Tex. App.—San Antonio 2019, no pet.). Nevertheless, this discretion is not unlimited, and the trial court has a duty to schedule its cases to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 930; *In re Marriage of Harrison*, 557 S.W.3d 99, 123 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

### IV.   ANALYSIS

We examine the specific circumstances of this case to determine whether relator has established that the motion for summary judgment was properly filed, relator

6

requested a ruling on the motion, and the trial court failed or refused to rule within a reasonable time. *See In re Pete*, 589 S.W.3d at 321; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748. The motion for summary judgment was filed on June 14, 2022, and was heard on November 14, 2022. Over one year later, the trial court has still not issued a ruling on the motion for summary judgment. On February 8, 2023, and March 3, 2023, relator's counsel notified the trial court that the parties had yet to receive a ruling on the motion for summary judgment and requested the trial court to advise the parties if it needed additional information or wished to schedule another hearing. On March 9, 2023, March 30, 2023, July 5, 2023, and October 20, 2023, relator's counsel requested the trial court to issue a ruling on the motion for summary judgment.

Based upon the record presented, relator properly filed his motion for summary judgment, the trial court has held a hearing on the motion, and relator has repeatedly and affirmatively requested the trial court to issue a ruling on the motion. *See In re Pete*, 589 S.W.3d at 321; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748. The motion for summary judgment has been pending after being heard for more than one year. Garcia does not contend that any special docket conditions or other matters have prevented the trial court from ruling on the motion, and our review of the record does not indicate that any exist. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29. We conclude that this period of time is unreasonable. *See, e.g.*, *In re UpCurve Energy Partners, LLC*, 632 S.W.3d at 257 (granting relief for a delay of more than thirteen months in ruling on a motion for summary judgment); *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (granting relief for a six-month delay in ruling on a

motion for partial summary judgment); *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d at 461 (granting relief for a seven-month delay in ruling on a "no evidence" motion for summary judgment); *In re Avalon Care Grp., LLC*, No. 02-23-00051-CV, 2023 WL 2430023, at *3 (Tex. App.—Fort Worth Mar. 9, 2023, orig. proceeding) (mem. op.) (granting relief for a delay of more than eight months in ruling on a motion for partial summary judgment); *In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272, at *1 (Tex. App.—Corpus Christi–Edinburg May 22, 2020, orig. proceeding) (mem. op.) (granting relief for an eleven-month delay in ruling on a motion to dismiss and a motion for summary judgment).

Having considered all the facts and circumstances of this case, we conclude that the trial court abused its discretion in failing to rule within a reasonable period on relator's motion for summary judgment. *See In re UpCurve Energy Partners, LLC*, 632 S.W.3d at 257; *In re Greenwell*, 160 S.W.3d at 288; *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d at 461. Further, balancing the benefits of mandamus review against the detriments, we conclude that there is no adequate appellate remedy to address the trial court's failure to rule. *See In re State Farm Mut. Auto. Ins.*, 629 S.W.3d 866, 872 (Tex. 2021) (orig. proceeding); s*ee, e.g.*, *In re Mesa Petrol. Partners, LP*, 538 S.W.3d at 159. Accordingly, we sustain relator's sole issue presented in this original proceeding.

### V.    CONCLUSION

The Court, having examined and fully considered relator's petition for writ of mandamus, Garcia's response, and the applicable law, is of the opinion that relator has met his burden to obtain relief. Relator's motion was properly filed and has been pending a reasonable time, he repeatedly requested a ruling on the motion, and the trial court has

8

failed to rule. *See In re Pete*, 589 S.W.3d at 321; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Chavez*, 62 S.W.3d at 228. Accordingly, without addressing the merits of the motion for summary judgment, we conditionally grant the petition for writ of mandamus and direct the trial court to rule on relator's motion for summary judgment without further delay. *See In re Blakeney*, 254 S.W.3d at 661 ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be."); *see also In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding). Our writ will issue only if the trial court fails to act promptly in accordance with this memorandum opinion.

NORA L. LONGOIA
Justice

Delivered and filed on the
17th day of November, 2023.