

# NUMBER 13-24-00059-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE AMERICA FIRST LLOYD'S INSURANCE COMPANY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Peña[1]

By petition for writ of mandamus, relator America First Lloyd's Insurance Company seeks to compel the trial court[2] to rule on competing motions for summary judgment in an insurance coverage lawsuit. We conditionally grant the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-4904-19-A in the 92nd District Court of Hidalgo County, Texas, and the respondent is the Honorable Luis Singleterry. *See id.* R. 52.2.

## I. BACKGROUND

In 2007, La Joya Independent School District (La Joya) entered into a contract with Peterson Construction, Inc. (Peterson) to construct an elementary school. On June 25, 2018, La Joya filed suit against Peterson for defects related to the construction. Peterson subsequently filed a third-party petition against its subcontractors, including Victoria Air Conditioning (Victoria), contending that if Peterson was found liable, then the subcontractors had proximately caused La Joya's damages.

Victoria was insured under several different policies. Relator issued Victoria a commercial business liability insurance policy with commercial general liability coverage, effective April 1, 2009 through April 1, 2010. Hanover Lloyds Insurance Company issued Victoria commercial general liability insurance coverage under two policies with cumulative effective coverage dates of April 1, 2007 through April 1, 2009. Hanover Insurance Company issued Victoria two commercial umbrella insurance policies, with cumulative effective coverage dates of April 1, 2007 through April 1, 2009.

In the construction lawsuit, relator agreed to defend Victoria under a reservation of rights; however, Hanover Lloyds Insurance Company and Hanover Insurance Company (Hanover entities) denied coverage and a defense. On November 20, 2019, relator filed the underlying lawsuit against the Hanover entities seeking a declaration that the Hanover entities have primary coverage for Victoria and a duty to defend and indemnify it in the construction lawsuit, and that relator has excess coverage and no duty to defend. Relator seeks to recover all or a portion of the amounts it expended in defending and indemnifying Victoria in the construction lawsuit, as well as attorney's fees and costs.

2

On January 6, 2021, relator filed a traditional motion for summary judgment contending that the Hanover entities violated their duty to defend Victoria. Relator asserted that the construction lawsuit involved property damage that is covered by the insurance policies issued by the Hanover entities, thus the Hanover entities had a duty to defend and their denial violated Texas law. Relator sought judgment as a matter of law on grounds that the resolution of its motion for summary judgment would be dispositive of the lawsuit.

On January 19, 2021, the Hanover entities filed traditional cross-motions for summary judgment on grounds that Peterson's third-party petition in the construction lawsuit did not allege property damage sufficient to trigger coverage under their insurance policies. They sought final judgments in their favor. Subsequently, in early February 2021, relator and the Hanover entities filed responses and replies to their competing motions for summary judgment.

On February 11, 2021, the trial court held a hearing on all motions for summary judgment and took the motions under advisement. The following day, the parties submitted proposed orders for the trial court's review. After some delay, the parties thereafter requested a status hearing to discuss the competing motions for summary judgment, and that hearing was held on May 12, 2022. Following the status hearing, the trial court again took the competing motions for summary judgment under advisement. To date, the trial court has not issued a ruling on the motions for summary judgment.

On January 29, 2024, relator filed this original proceeding. Relator contends in two issues that: (1) the trial court abused its discretion by failing to perform the ministerial task

3

of ruling on the motions for three years; and (2) relator lacks an adequate remedy by appeal to remedy that abuse of discretion. Relator asserts that it, and the other parties have made "reasonable efforts" and "consistent, proper requests" for the trial court to issue rulings on the motions for summary judgment.

This Court requested and received a response to the petition for writ of mandamus from the Hanover entities. The Hanover entities do not oppose the relief requested in this original proceeding. They agree with relator's recitation of the relevant events, the timeline, and the parties' "efforts to seek a ruling from the trial court."

## II. STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of*

4

*Am.*, 148 S.W.3d at 136.

### III.   MINISTERIAL DUTY TO RULE ON A MOTION

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and thus the trial court had a legal duty to rule; (2) the relator requested a ruling on the motion; and (3) the trial court failed or refused to rule within a reasonable time. *See In re GTG Sols., Inc.*, 642 S.W.3d 47, 49 (Tex. App.—El Paso 2021, orig. proceeding); *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to an exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *In re Mesa Petrol. Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *see In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*,

62 S.W.3d at 228. We examine several criteria, including the seriousness and complexity of the pending motion, the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29.

In considering the alleged period of delay, we recognize that trial courts have broad discretion in how they conduct business in their courtroom and control their docket. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Castro v. Schlumberger Tech. Corp.*, 673 S.W.3d 294, 305 (Tex. App.—San Antonio 2023, no pet.); *Jacobs v. State*, 594 S.W.3d 377, 382 (Tex. App.—San Antonio 2019, no pet.). Nevertheless, this discretion is not unlimited, and the trial court has a duty to schedule its cases to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 930; *In re Marriage of Harrison*, 557 S.W.3d 99, 123 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

## IV.   ANALYSIS

We examine the specific circumstances of this case to determine whether relator has established that the motions for summary judgment were properly filed, the parties requested rulings on the motions, and the trial court failed or refused to rule within a reasonable time. *See In re Pete*, 589 S.W.3d at 321; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748. Here, the record reflects that the motions were properly filed, the parties requested rulings on their motions, and more than three years have elapsed since

the trial court first heard the motions. *See In re Pete*, 589 S.W.3d at 321; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748. We conclude that this period of time is unreasonable. *See, e.g.*, *In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 257–58 (Tex. App.—El Paso 2021, orig. proceeding) (granting relief for a delay of more than thirteen months in ruling on a motion for summary judgment); *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (granting relief for a six-month delay in ruling on a motion for partial summary judgment); *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding [mand. denied]) (granting relief for a seven-month delay in ruling on a "no evidence" motion for summary judgment); *see also In re Reese*, No. 13-23-00460-CV, 2023 WL 8000914, at *3–4 (Tex. App.—Corpus Christi–Edinburg Nov. 17, 2023, orig. proceeding) (mem. op.) (granting relief for a delay of more than one year in ruling on a motion for summary judgment); *In re Hunter-Kelsey II, LLC*, No. 01-23-00276-CV, 2023 WL 3311468, at *1 (Tex. App.—Houston [1st Dist.] May 9, 2023, orig. proceeding) (per curiam) (mem. op.) (granting relief for a delay of three years on a motion for summary judgment); *In re Avalon Care Grp., LLC*, No. 02-23-00051-CV, 2023 WL 2430023, at *3 (Tex. App.—Fort Worth Mar. 9, 2023, orig. proceeding) (mem. op.) (granting relief for a delay of more than eight months in ruling on a motion for partial summary judgment); *In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272, at *1 (Tex. App.—Corpus Christi–Edinburg May 22, 2020, orig. proceeding) (mem. op.) (granting relief for an eleven-month delay in ruling on a motion to dismiss and a motion for summary judgment).

Having considered all the facts and circumstances of this case, we conclude that the trial court abused its discretion in failing to rule within a reasonable period on the pending motions for summary judgment. *See In re UpCurve Energy Partners, LLC*, 632 S.W.3d at 257; *In re Greenwell*, 160 S.W.3d at 288; *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d at 461. Further, balancing the benefits of mandamus review against the detriments, we conclude that there is no adequate appellate remedy to address the trial court's failure to rule. *See In re State Farm Mut. Auto. Ins.*, 629 S.W.3d 866, 872 (Tex. 2021) (orig. proceeding); s*ee, e.g.*, *In re Mesa Petrol. Partners, LP*, 538 S.W.3d at 159. Accordingly, we sustain both issues presented in this original proceeding.

## V. CONCLUSION

The Court, having examined and fully considered relator's petition for writ of mandamus, the response, and the applicable law, is of the opinion that relator has met its burden to obtain relief. Accordingly, without addressing the merits of the motions for summary judgment, we conditionally grant the petition for writ of mandamus and direct the trial court to rule on the pending motions for summary judgment without further delay. *See In re Blakeney*, 254 S.W.3d at 661 ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be."); *see also In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding). Our writ will issue only if the trial court fails to act within thirty days from the date of this memorandum opinion.

8

L. ARON PEÑA JR.
Justice

Delivered and filed on the
21st day of February, 2024.