

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00088-CV

---

IN RE: LETA CUNNINGHAM

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

"In a proceeding . . . for the appointment of a guardian, the court shall appoint an attorney ad litem to represent the proposed ward's interests." TEX. ESTATES CODE ANN. § 1054.001 (West 2014). Section 1054.201 of the Texas Estates Code requires the attorney ad litem to be "certified by the State Bar of Texas, or a person or other entity designated by the state bar, as having successfully completed a course of study in guardianship law and procedure sponsored by the state bar or the state bar's designee." TEX. ESTATES CODE ANN. § 1054.201(a) (West 2014). Those provisions form the basis for this mandamus action.

In this case, the trial court appointed Don Biard to serve as attorney ad litem for the proposed ward, Leta Cunningham. It appears, however, that Biard did not meet the requirements of Section 1054.201(a) of the Texas Estates Code. During Biard's representation of Cunningham, the trial court held several hearings, found that guardianship of Cunningham's estate and person were necessary, and entered orders appointing temporary guardians of Cunningham's estate and person.[1] The trial court also entered agreed orders, approved by Biard, (a) finding that there was a necessity to place Cunningham in a residential assisted living facility, (b) allowing the powers of the temporary guardian of Cunningham's person to be expanded to authorize such a placement, and (c) directing that certain costs be paid out of Cunningham's estate.

---

[1] The trial court's agreed order of June 19, 2014, also permitted some of Cunningham's friends to visit her, provided that they refrain from facilitating her contact with a telephone scam artist who had preyed on her.

On October 3, 2014, attorney Lisa Shoalmire sent a notice of appearance as Cunningham's retained counsel to Biard and all other parties involved in the case. Thus, on October 6, 2014, Biard filed a motion to withdraw as Cunningham's appointed counsel. On October 9, 2014, Shoalmire filed a motion alerting the trial court that Biard had not been properly certified by the State Bar.[2] In the motion, Cunningham argued that Cunningham had no representation during the guardianship proceedings until October 3, since Biard was unqualified to represent her, and that any previous action taken by the trial court during this period of non-representation was void because it violated her due process rights. Accordingly, the October 9 motion requested that the trial court (1) strike all pleadings and orders entered since January 13, 2014—the date of Biard's appointment—(2) release Cunningham from the locked unit at Stonebrook Assisted Living facility, (3) restore Cunningham to her liberty, and (4) order the return of costs and fees that had been expended by her estate during the proceedings. Cunningham alleged that Shoalmire "hand delivered a courtesy copy of the Motion to the Court with proposed orders," including an order to set a hearing on the motion.

Shoalmire's notice of appearance, which was mailed to the Lamar County Clerk's Office on October 3, 2014, via regular United States mail, was not actually received by the clerk's office until October 14, 2014. After receiving the notice of appearance, the trial court granted Biard's motion to withdraw. On October 21, 2014, Shoalmire, on Cunningham's behalf, filed a motion re-urging the October 9 motion. On November 6, 2014, Cunningham filed this petition

---

[2]Shoalmire attached a copy of an email from the MCLE department to her stating, "According to our records, James Donald McLaughlin Biard is not currently certified as an attorney ad litem and has not been certified in any previous years."

for writ of mandamus arguing (1) that the trial court abused its discretion in failing to grant her October 9 and 21 motions, (2) that liberty interests demanded her immediate release, and (3) that the trial court had abused its discretion in appointing Biard.

We deny the petition for writ of mandamus because (1) to the extent that the petition complains of the trial court's lack of a ruling on the October motions, Cunningham has not shown that the trial court failed to rule within a reasonable time, and (2) in any event, Cunningham has an adequate remedy by appeal.

Mandamus is an extreme remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Due to the nature of this remedy, it is Cunningham's burden to show entitlement to the requested relief and that what she seeks to compel is a ministerial act not involving a discretionary or judicial decision. *See id*. at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding).

Cunningham's petition for writ of mandamus prays that "the Trial Court's Temporary Orders be vacated; all funds expended from her Estate since January 13, 2014, be restored to her estate; and Ms. Cunningham be released from Stone Brook Assisted Living or other facility of residence." The order does not ask us, per se, to compel the trial court to take any action. In fact, the petition does not specifically argue that the trial court has refused to rule or has failed to rule on the October motions within a reasonable time. Instead, it appears that Cunningham simply wants this Court to make the proper ruling for the trial court. "While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Because the petition for writ of mandamus asks this Court for the same relief that was requested in the October motions, we read the petition to encompass a complaint that the trial court has failed to rule on the October motions within a reasonable time.

The trial court is required to consider and rule on a properly filed motion within a reasonable period of time once a ruling has been requested. *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding). To obtain mandamus relief here, Cunningham must establish that: (1) the motion was properly filed and had been pending for a reasonable time; (2) she requested a ruling on the motion; and (3) the trial court has either refused to rule or failed to rule within a reasonable time. *See Blakeney*, 254 S.W.3d at 661. "However, if a reasonable time has not yet passed, the trial court's failure to rule may not be a clear abuse of discretion." *Greenwell*, 160 S.W.3d at 288.

5

The October 9 motion was filed at a time when Shoalmire's notice of appearance had not yet been received by the trial court and Biard was still representing Cunningham. The petition for writ of mandamus was filed on the twelfth business day after the October 21 motion was filed. Nothing in the record indicates that the trial court has expressly refused to rule on the October motions. Thus, we must determine whether the court has failed to rule within a reasonable time.

There is no bright-line rule establishing a reasonable time period. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). The state of the trial court's docket is a factor involved in considering whether a reasonable time has passed. *See id.* (citing *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)). Although it is Cunningham's burden to show entitlement to mandamus relief, the record does not contain any mention of the trial court's docket, and she has not citied to authority suggesting that the passage of time in this case was unreasonable. Therefore, we cannot say that the trial court has failed to rule on the October motions despite the passage of a reasonable amount of time. *See In re Nash*, No. 06-11-00197-CR, 2011 WL 4452405, at *1 (Tex. App.—Texarkana Sept. 27, 2011, orig. proceeding) (mem. op.) ("Four weeks' elapsed time is not unreasonable"); *Greenwell*, 160 S.W.3d at 288 (citing *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 460–61 (Tex. App.—Corpus Christi 1999, orig. proceeding) (mandamus not available when only thirty days had passed)); *Bates*, 65 S.W.3d at 136 ("[W]e cannot hold as a matter of law that the passage of seven weeks constitutes a *per se* unreasonable time period.").

We believe that all of the complaints in the petition for writ of mandamus were raised in the October motions. In any event, to the extent Cunningham is not complaining that the trial court has failed to rule within a reasonable amount of time, we find (1) that the trial court's orders are not void and (2) that an adequate avenue exists by which Cunningham can raise her various complaints.

Cunningham argues that mandamus is proper because the trial court abused its discretion in appointing Biard and that all orders entered after Biard's appointment were void. However, "errors other than lack of jurisdiction, such as 'a court's action contrary to a statute or statutory equivalent,' merely render the judgment voidable so that it may be 'corrected through the ordinary appellate process or other proper proceedings.'" *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (per curiam)). It is undisputed that the trial court had jurisdiction over the proceedings. Additionally, the mandamus record shows that Biard contested the guardianship and that Cunningham had notice of the proceedings and testified at every status hearing. Because the main complaint raised here is the trial court's failure to follow Section 1054.201 of the Texas Estates Code in appointing Biard, the trial court's orders were merely voidable.

Cunningham argues that, even if the orders are merely voidable, she has no adequate remedy by appeal because "[t]emporary orders in a guardianship are not subject to interlocutory appeal." Cunningham is incorrect.

> Generally, appeals may be taken only from final judgments. *Lehmann v. Har– Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* at 192. The need to review "controlling, intermediate decisions before an error can harm later phases of the proceeding" has been held to justify this rule. *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied).

*De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). The Texas Estates Code specifically allows a party to "appeal from an order or judgment appointing a guardian." TEX. ESTATES CODE ANN. § 1152.001 (West 2014). The term guardian, as defined by the Texas Estates Code, includes a temporary guardian. TEX. ESTATES CODE ANN. § 1002.012 (West 2014). Thus, the orders appointing Cunningham's temporary guardians were final and appealable. Further, the contention that the trial court erred in appointing Biard as Cunningham's attorney ad litem was a point of error that could have been raised on direct appeal. *See In re Guardianship of Marburger*, 329 S.W.3d 923 (Tex. App.—Corpus Christi 2010, no pet.). Although Cunningham missed the deadline to file a regular appeal of these orders, the remedy of a statutory bill of review of Section 1056.101 of the Texas Estates Code is available.[3] TEX. ESTATES CODE ANN.

---

[3]Section 1056.101 reads,

> (a)     An interested person, including a ward, may, by a bill of review filed in the court in which the guardianship proceeding was held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment.
> (b)     . . . [A] bill of review to revise and correct an order or judgment may not be filed more than two years after the date of the order or judgment.

TEX. ESTATES CODE ANN. § 1056.101. This statutory bill of review is not subject to the restrictions of an equitable bill of review. *See In re Guardianship of Winn*, 372 S.W.3d 291, 294–95 (Tex. App.—Dallas 2012, no pet.); *In re X.L.S.*, No. 13-11-00287-CV, 2012 WL 5205832, at *2 (Tex. App.—Corpus Christi Oct. 18, 2012, no pet.) (mem. op.); *Buck v. Estate of Buck*, 291 S.W.3d 46, 53 (Tex. App.—Corpus Christi 2009, no pet.).

§ 1056.101 (West 2014). Cunningham has not addressed this possible remedy and has not shown this Court why it would not be adequate.

For the reasons stated herein, we find that Cunningham has not met her burden to show entitlement to mandamus relief. Therefore, we deny Cunningham's petition for writ of mandamus.

                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:        December 18, 2014
Date Decided:          December 19, 2014