**Dismissed and Memorandum Opinion filed February 19, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00001-CV

## IN THE GUARDIANSHIP OF LILLIAN HESTER, AN ALLEGED INCAPACITATED PERSON

**On Appeal from the Probate Court No. 4
Harris County, Texas
Trial Court Cause No. 433,974**

## M E M O R A N D U M   O P I N I O N

On December 29, 2014, appellant Martin J. Gonzales, filed a notice of appeal seeking to appeal the trial court's order appointing a temporary guardian of the person and estate of Lillian Hester, the ward, signed September 30, 2014.[1] *See* Tex. Est. Code Ann. § 1251.001 (West 2014). Because it appeared that this court

---

[1] This court recently denied a related petition for writ of mandamus. *See In re Gonzales*, No. 14-14-01000-CV, 2015 WL 167214 (Tex. App.—Houston [14th Dist.] Jan. 13, 2015, orig. proceeding) (mem. op.). We also note that documents in the record of this appeal state the ward died on October 18, 2014. The ward's death does not necessarily render a guardianship proceeding moot, however. *See Zipp v. Wueming*, 218 S.W.3d 71, 74 (Tex. 2007) (per curiam).

lacks jurisdiction over the attempted appeal, the court notified the parties that the appeal would be dismissed for want of jurisdiction unless a response was filed demonstrating this court's jurisdiction. Appellant filed a response arguing that this court has jurisdiction over the appeal because he filed motions extending the appellate timetable and his notice of appeal was filed within ninety days of the signing of the order. *See* Tex. R. App. P. 26.1(a) (stating the notice of appeal must be filed within ninety days after the judgment is signed if a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or a request for findings of fact and conclusions of law).

Appellant filed a motion to vacate the order appointing the temporary guardian on November 14, 2014, more than thirty days after the order that is complained of was signed. Therefore, the motion is untimely and would not operate to extend the appellate timetable. *See* Tex. R. Civ. P. 329b(a) (requiring a motion for new trial or motion to modify to be filed within thirty days after the order complained of is signed); Tex. R. App. P. 26.1(a) (requiring a motion for new trial or similar motion to be timely to extend the time to perfect an appeal).

Appellant also argues that he filed a motion to dismiss the guardianship on October 9, 2014, within thirty days of the order appointing the temporary guardian. Appellant argues that his motion to dismiss was the equivalent of a motion for new trial because he requested that the trial court vacate the order appointing a temporary guardian. In addition, on October 14, 2014, appellant filed a response to the temporary guardian's request for instructions in which he requested modification of the guardianship order. Appellant asserts these motions operated to extend the appellate timetable.

An order appointing a temporary guardian of the person and estate is an interlocutory order. An appeal from an interlocutory order is accelerated. *See* Tex.

2

R. App. P. 28.1(a). The filing of a motion for new trial or similar motion does not extend the time to perfect an accelerated appeal. Tex. R. App. P. 28.1(b); *see also In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005) (holding that when an appeal is accelerated, the post-judgment motions listed in Texas Rule of Appellate Procedure 26.1(a) will not operate to extend the appellate deadline). A notice of appeal from an interlocutory order such as the one at issue here must be filed within twenty days of the signing of the order. *See* Tex. R. App. P. 26.1(b); 28.1(b); *see also Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (stating that in an accelerated appeal, an appellant has twenty days after the trial court signs its order to file a notice of appeal). Appellant's motions do not extend the appellate timetable.

Appellant also argues that the Texas Supreme Court has treated "minor procedural mishaps with leniency, preserving the right to appeal." *Ryland Enter., Inc. v. Weatherspoon,* 355 S.W.3d 664, 666 (Tex. 2011) (holding that a prematurely filed motion for judgment notwithstanding the verdict operated to extend the appellate timetable); *see also Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex. 1997) (implying a motion for extension of time when the perfecting instrument was filed within the fifteen-day period for filing a motion for extension of time). This case does not present a "minor procedural mishap," however, and we may not overlook our lack of jurisdiction. *See In re K.A.F*., 160 S.W.3d at 928 (affirming the dismissal of an accelerated appeal from a judgment terminating parental rights where the parent filed a motion for new trial or to modify the judgment and the notice of appeal was filed more than twenty days, but within ninety days, after judgment).

Appellant also is not benefitted by the well-settled proposition that a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in

a bona fide attempt to invoke the appellate court's jurisdiction. *See, e.g., Grand Prairie I.S.D. v. S. Parts Imps., Inc*., 813 S.W.2d 499, 500 (Tex.1991). In *Grand Prairie,* the supreme court held that an appeal may not be dismissed if appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportunity to correct the error, as long as the instrument was timely filed in a bona fide attempt to invoke the appellate court's jurisdiction. *Id.* Here, appellant filed motions that he argues are the equivalent of motions for new trial. A motion for new trial is not an instrument that may be considered a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.,* 160 S.W.3d at 928.

After considering appellant's response to our notice of intent to dismiss, we conclude that we lack jurisdiction over this attempted appeal because the notice of appeal is untimely.[2] Therefore, we order the appeal dismissed.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Wise.

---

[2] Because we dismiss the appeal as untimely, we need not address whether an order appointing a temporary guardian is an appealable interlocutory order under the recently re-codified Texas Estates Code. *See* Tex. Est. Code Ann. §§ 1002.012, 1152.001 (West 2014); *see also In re Cunningham*, ___ S.W.3d ___, 2014 WL 7232725, at *4 (Tex. App.—Texarkana Dec. 19, 2014, orig. proceeding) (stating orders appointing temporary guardians are appealable pursuant to the Texas Estates Code).