

# NUMBER 13-21-00311-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GEORGE ANDREW DAY

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides[1]

Relator George Andrew Day filed a pro se petition for writ of mandamus seeking to compel the trial court to rule on relator's motions to compel an accounting in a probate proceeding.[2] After requesting and receiving a response to the petition for writ of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2015-PR-00266-3 in the County Court at Law No. 3 of Nueces County, Texas, and the respondent is the Honorable Deeanne Galvan. *See id.* R. 52.2.

mandamus from real party in interest Jack R. Day as independent administrator of the estate of Walter Andrew Day, this Court denied the petition for writ of mandamus by memorandum opinion issued on October 29, 2021. *See In re Day*, No. 13-21-00311-CV, 2021 WL 5039735, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2021, orig. proceeding) (mem. op.).

Relator subsequently filed a motion for rehearing asserting that he met his burden to show that the trial court abused its discretion in failing to timely rule on relator's motions for an accounting. *See* TEX. R. APP. P. 52.9. We requested that the real party in interest file a response to relator's motion for rehearing that directly addressed the issues raised in that motion. *See id.* The real party's response to the motion for rehearing was due on December 6, 2021; however, the real party has neither filed a response to the motion for rehearing nor an extension of time to file a response. *See id.*

After further consideration, this Court grants relator's motion for rehearing. We withdraw our previous memorandum opinion and substitute the following in its place. We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

On April 30, 2015, the real party filed an application to probate the will of decedent Walter Andrew Day and for the issuance of letters of administration. On May 27, 2015, the trial court entered an order probating the will and authorizing letters testamentary. On August 20, 2015, the real party filed an affidavit in lieu of inventory, appraisement, and list of claims. On September 9, 2019, the trial court allowed the real party's attorney to withdraw from the case. In 2019 and 2020, relator filed various motions with the trial court which were neither set for hearing nor ruled on.

2

On August 5, 2020, relator filed a "Demand for Interim Accounting" seeking to compel the real party to provide an accounting for the estate pursuant to Texas Estates Code § 404.001. *See* TEX. EST. CODE ANN. § 404.001. On November 4, 2020, relator again filed a "Motion to Compel [Accounting]" against the real party. *See id.* On June 20, 2021, relator sent the trial court a letter requesting a ruling on his motions for accounting. The trial court received this letter on June 25, 2021. To date, the trial court has not ruled on (1) the demand for accounting filed on August 5, 2020, (2) the motion for accounting filed on November 4, 2020, or (3) the request for ruling filed on or about June 25, 2021.

On September 29, 2021, relator filed this original proceeding. By one issue, relator asserts that the trial court has abused its discretion by failing to rule on his motions for an accounting.[3] We requested and received a response to the petition for writ of mandamus from the real party in interest. The real party asserts that the trial court did not abuse its discretion by "refusing to rule on [r]elator's motion to compel accounting because [the real party] submitted an Affidavit in Lieu of Inventory, and no additional assets of the estate have been discovered following the filing of the Affidavit in Lieu of Inventory."

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re*

---

[3] Relator also requested that we waive his court costs and fees for this original proceeding. We grant relator's motion, and we waive the relator's court costs and fees.

*Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III.   MINISTERIAL DUTY TO RULE ON A MOTION

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Stated otherwise, a relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this regard, merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial court rule on the motion. *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107.

Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29.

Courts have applied the foregoing tenets to grant mandamus relief concerning various disparate periods of delay. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159 (granting relief for a delay of more than eight months in rendering a final judgment); *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding) (granting relief for a delay of more than seven months in ruling on a motion to compel arbitration); *In re Shredder Co.*, 225 S.W.3d 676, 679–80 (Tex. App.—El Paso 2006, orig. proceeding) (granting relief for a delay of more than six months in ruling on a motion to compel arbitration); *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (granting relief for a six-month delay in ruling on a motion for partial summary judgment); *In re Kleven*, 100 S.W.3d 643, 644–45 (Tex. App.—Texarkana 2003, orig. proceeding) (granting relief for delays of more than three

and five months on motions for discovery, sanctions, and for a trial setting); *City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (combined appeal & orig. proceeding) (granting relief for a thirteen-month delay in ruling on a plea to the jurisdiction); *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding [mand. denied]) (granting relief for a seven-month delay in ruling on a "no evidence" motion for summary judgment); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) (granting relief for a delay of eighteen months in ruling on a motion for default judgment); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. App.—Tyler 1976, orig. proceeding) (per curiam) (granting relief for a thirteen-month delay in ruling on a petition for incorporation*); see also In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272, at *1 (Tex. App.—Corpus Christi–Edinburg May 22, 2020, orig. proceeding) (mem. op.) (granting relief for an eleven-month delay in ruling on a motion to dismiss and motion for summary judgment); *In re Nomarco, Inc.*, No. 14-20-00129-CV, 2020 WL 1181705, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 12, 2020, orig. proceeding) (mem. op.) (per curiam) (granting relief for an eight to nine-month delay in ruling on a special appearance); *In re Roland's Roofing Co.*, No. 13-19-00469-CV, 2019 WL 5444399, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 23, 2019, orig. proceeding) (mem. op.) (granting relief for a greater than eight-month delay in ruling on a special appearance); *In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (mem. op.) (per curiam) (granting relief for an approximately eight-month delay in ruling on a motion for entry of judgment on the jury's verdict); *In re Harris Cnty. App. Dist.*, No. 14-19-00078-

CV, 2019 WL 1716274, at *3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.) (granting relief for a six-month delay in ruling on a plea to the jurisdiction).

In considering the alleged period of delay, we note that trial courts have broad discretion in how they conduct business in their courtroom and control their docket. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Jacobs v. State*, 594 S.W.3d 377, 382 (Tex. App.—San Antonio 2019, no pet.). Nevertheless, this discretion is not unlimited, and the trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 930; *In re Tex. Farm Bureau Underwriters*, 374 S.W.3d 651, 658 (Tex. App.—Tyler 2012, orig. proceeding); *In re Blakeney*, 254 S.W.3d at 663.

## IV.  ANALYSIS

We examine the specific circumstances of this case to determine whether the relators' motions were properly filed and have been pending a reasonable time. *See In re Blakeney*, 254 S.W.3d at 662. There is no dispute that relator's motions were properly filed. Relator filed his "Demand for Interim Accounting" on August 5, 2020, more than sixteen months ago, and his "Motion to Compel [Accounting]" on November 4, 2020, more than thirteenth months ago. Relator has affirmatively requested the trial court to rule on these motions. *See In re Blakeney*, 254 S.W.3d at 661. The trial court received relator's request for a ruling on these motions on June 25, 2021, more than five months ago. The record before this Court fails to indicate that any special docket conditions or other matters have prevented the trial court from ruling on relator's motions. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney*, 254 S.W.3d at 661. The

7

underlying matter has been pending since 2015, and, based on the record, it appears that the trial court has not held a hearing in this case since 2015. *See King Fisher Marine Serv., L.P.*, 443 S.W.3d at 843; *Clanton*, 639 S.W.2d at 930.

As stated previously, the real party in interest filed a response to the petition for writ of mandamus. The real party asserts that the trial court did not abuse its discretion by failing to rule on relator's motions to compel an accounting "because [the real party] previously submitted an Affidavit in Lieu of Inventory, and no additional assets of the estate were discovered following the filing of the Affidavit in Lieu of Inventory." The real party conflates the concept of an inventory with an accounting. *Compare* TEX. EST. CODE ANN. § 309.0563 (allowing an independent executor to file, under specified circumstances, an affidavit instead of an inventory, appraisement, and list of claims), *with id.* § 404.001 (delineating the remedy of accounting whereby "any person interested in the estate may demand an accounting from the independent executor"). More significantly, the merits of a pending motion, such as the motion at issue here, have little to no bearing on the trial court's ministerial duty to rule on a pending motion. The real party in interest does not address the trial court's ministerial duty to rule.

Having considered all the facts and circumstances of this case, we conclude that the trial court abused its discretion in failing to rule within a reasonable period on relator's motions for an accounting. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159; *In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *In re Shredder Co.*, 225 S.W.3d at 679–80. Further, balancing the benefits of mandamus review against the detriments, we conclude that there is no adequate appellate remedy to address the trial court's failure to rule. *See, e.g.*, *In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159; *In re ReadyOne*

8

*Indus., Inc.*, 463 S.W.3d at 624. Accordingly, we sustain relator's sole issue presented in this original proceeding.

## V. CONCLUSION

The Court, having examined and fully considered relator's petition for writ of mandamus, the response, and the applicable law, is of the opinion that relator has met his burden to obtain relief. Relator's motions were properly filed and have been pending a reasonable time, he requested rulings on the motions, and the trial court has failed to rule in a reasonable period of time. *See In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *In re Shredder Co.*, 225 S.W.3d at 679; *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228. Accordingly, without addressing the merits of relator's motions, we conditionally grant the petition for writ of mandamus and direct the trial court to rule on relator's motions within thirty days of the date of this opinion. *See In re Blakeney*, 254 S.W.3d at 661 ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be."); *see also In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding); *O'Donniley v. Golden*, 860 S.W.2d 267, 269–70 (Tex. App.— Tyler 1993, orig. proceeding). The writ will issue only if the trial court fails to act in accordance with this opinion.

GINA M. BENAVIDES
Justice

Delivered and filed on the
4th day of January, 2022.

9