

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00300-CV

———————————————

IN THE GUARDIANSHIP OF THOMAS O'DELL WHITE, AN INCAPACITATED
PERSON

On Appeal from the Probate Court
Denton County, Texas
Probate Court No. PR-2021-00846

Before Sudderth, C.J.; Birdwell and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellants Gene Bush and Irene Darrow attempt to appeal a probate court order appointing a temporary guardian of the person and estate of Thomas O'Dell White.[1] *See* Tex. Est. Code Ann. §§ 1251.001, .010. But Appellants' notice of appeal was untimely, and when this court expressed concern that it lacked jurisdiction, Appellants failed to file a response. Therefore, we will dismiss the appeal.

## I. Discussion

"[T]he time for filing a notice of appeal is jurisdictional in this court, and absent a timely[ ]filed notice of appeal[,] . . . we must dismiss the appeal." *In re Guardianship of Fulbright*, No. 02-16-00230-CV, 2016 WL 4395804, at *1 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (per curiam) (mem. op.); *see* Tex. R. App. P. 25.1(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Generally, a notice of appeal must be filed within 30 days after the appealable judgment or order is signed, unless the appellant files a qualifying postjudgment motion to extend the deadline. Tex. R. App. P. 26.1(a). And if the appeal is interlocutory, the appellate timeline is accelerated, and the notice of appeal must be filed within 20 days.[2] Tex. R. App. P. 26.1(b), 28.1(a).

---

[1]Appellants' notice is ambiguous regarding what order they intend to appeal, but from what we can gather, the notice challenges the probate court's order appointing a temporary guardian. Other communications received from Appellants' counsel, discussed herein, have reinforced this understanding.

[2]An appellant can also request a 15-day extension if the request is filed within 15 days after the deadline for the notice of appeal. *See* Tex. R. App. P. 26.3. This option is inapplicable here; Appellants did not expressly request an extension, nor did

Here, the probate court signed an order appointing a temporary guardian on July 16, 2021. "At least one intermediate appellate court has held that an order appointing a temporary guardian is final" and subject to the traditional 30-day deadline, "but this court has previously indicated that such an order is interlocutory" and subject to the accelerated 20-day deadline. *Guardianship of Yung Lo Yang*, No. 02-16-00353-CV, 2017 WL 2979826, at *2 (Tex. App.—Fort Worth July 13, 2017, pet. denied) (mem. op.). *Compare In re Cunningham*, 454 S.W.3d 139, 144 (Tex. App.—Texarkana 2014, orig. proceeding) (characterizing order as final), *with In re Hart*, No. 02–14–00260–CV, 2015 WL 2169130, at *1 (Tex. App.—Fort Worth May 7, 2015, no pet.) (per curiam) (mem. op.) (considering order interlocutory), *and Guardianship of Hester*, No. 14-15-00001-CV, 2015 WL 732658, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2015, no pet.) (per curiam) (mem. op.) (same). Either way, Appellants missed the deadline; they did not file their notice of appeal until September 20, 2021—66 days after the probate court's order was signed.[3]

On September 27, 2021, we notified the parties that the notice of appeal appeared untimely, and we expressed our concern that we lacked jurisdiction over the appeal. We warned that we would dismiss the appeal for want of jurisdiction unless,

---

they make such a request impliedly, *see Verburgt*, 959 S.W.2d at 617, as their notice was filed 66 days after the probate court signed the relevant order.

[3]Appellants did not file any relevant postjudgment motions to extend the traditional 30-day deadline. *See* Tex. R. App. P. 26.1(a).

within 10 days, Appellants (or any other party) filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. No response was received within the 10-day deadline.

More than a week after the response was due, Appellants' counsel mailed us a letter.[4] However, "[a]ttorneys in civil cases must electronically file documents." Tex. R. App. P. 9.2(c)(1). If an attorney seeks to file a document in paper form, he must seek leave of court to do so.[5] *See* Tex. R. App. P. 9.2(c)(3). Appellants' counsel did not seek leave.

Upon receiving the letter, the clerk contacted Appellants' counsel via phone and reminded his office of the electronic-filing requirements.[6] We then followed up by returning Appellants' paper letter response to them and by sending the parties a reminder of the electronic-filing requirements by e-mail and through the regular mail.

---

[4]Appellants' letter was dated more than a week after the response was due, and we received it four days later.

[5]None of the items Appellants mailed to us were documents filed under seal nor were these documents filed subject to a pending motion to seal. *Cf.* Tex. R. App. P. 9.2(c)(3).

[6]We had already notified Appellants' counsel of the electronic-filing requirements on a prior occasion. Before Appellants mailed us a paper response to our jurisdictional letter, they had mailed us a "supplement" to their notice of appeal. We called Appellants' counsel to remind him of the electronic-filing requirements, but he did not electronically file the "supplement." We returned this document to Appellants along with their paper response to our jurisdictional letter.

In that letter, dated November 3, 2021, the parties were reminded not only of the electronic-filing requirements but also of the critical jurisdictional issue. The letter reiterated our concern that we lacked jurisdiction over the appeal, and we gave the parties another 10 days to show grounds for continuing it. *See* Tex. R. App. P. 42.3(a). More than two months have passed, but Appellants still have not electronically filed a response or sought leave to file their response in paper form.

Appellants have thus failed to invoke this court's jurisdiction; they failed to file a timely notice of appeal, and they failed to file a response showing grounds for continuing the appeal. *See In re A.N.C.*, No. 2-09-429-CV, 2010 WL 1006410, at *1 (Tex. App.—Fort Worth Mar. 18, 2010, no pet.) (per curiam) (mem. op.) ("[T]his court does not have jurisdiction to consider *any* appeal unless its jurisdiction has been timely invoked, by either a timely notice of appeal or timely bona fide attempt to appeal.").

## II. Conclusion

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: February 17, 2022

5