

# NUMBER 13-22-00214-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE J.G. INDIVIDUALLY AND AS NEXT FRIEND FOR I.C.L.G., J.M.L.G., AND J.M.L.G., MINOR CHILDREN

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Tijerina[1]**

On May 9, 2022, relator J.G. filed a pro se petition for writ of mandamus asserting generally that the trial court abused its discretion by failing to rule on and grant relator's motion to transfer venue of the underlying suit affecting the parent-child relationship from Hidalgo County, Texas, to Collin County, Texas.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] We use initials to protect the confidentiality of the children and persons involved in this original proceeding. *See* TEX. R. APP. P. 9.8.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam); *see In re Greater McAllen Star Props.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam). However, "[w]hile we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be." *In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding) (quoting *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding)).

It is the relator's burden to provide a sufficient record to establish the right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Long*, 607 S.W.3d 443, 446 (Tex. App.—Texarkana 2020, orig. proceeding); *In re McCarty*, 598 S.W.3d 485, 486 (Tex.

2

App.—Houston [14th Dist.] 2020, orig. proceeding) (per curiam); *see generally* Tex. R. App. P. 52.7 (requiring the relator to file a record including specified documents); *id.* R. 52.3(k)(1)(A) (stating that "[t]he appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of").

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met her burden to obtain relief. Specifically, the relator's petition for writ of mandamus fails to include an appendix or record as required by the appellate rules, and the petition further contains errors pertaining to, inter alia, the identity of the respondent. *See* Tex. R. App. P. 52.2. Accordingly, we deny the petition for writ of mandamus.

JAIME TIJERINA
Justice

Delivered and filed on the
10th day of May, 2022.

3