

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00068-CV

---

IN RE JEREMY WAYNE ATKINS

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Relator, Jeremy Wayne Atkins, proceeding pro se, filed a motion to transfer venue from the 354th Judicial District Court of Hunt County, Texas, on the night of Sunday, August 3, 2025. That same night, he filed a petition for a writ of mandamus in this Court, contending that the trial court abused its discretion by not granting the motion he had just filed.

In effect, Atkins brings a "failure to rule" mandamus petition based on the unstated, but necessarily implied, premise that the trial court had a duty to rule on his motion instantaneously, without hearing from the Respondent or Real Party in Interest. Atkins cites no support for that premise.

More broadly, Atkins does not cite any authority justifying the extraordinary relief of mandamus under these procedural circumstances. *See In re State Farm Mut. Auto. Ins. Co.*, 712 S.W.3d 53, 58–59 (Tex. 2025) (orig. proceeding) ("Mandamus relief is an extraordinary remedy that will issue only if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal.").

Atkins has not shown himself entitled to mandamus relief.[1]  *See In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding) ("To obtain mandamus relief here, [Relator] must establish that:  (1) the motion was properly filed and had been *pending for a reasonable time*; (2) [*he*] *requested a ruling on the motion*; and (3) the trial court has either refused to rule or failed to rule within a reasonable time." (emphasis added)).

---

[1]In a series of supplemental filings, Atkins has submitted additional material that he contends supports mandamus relief.  However, Atkins has not shown when those materials were presented to the trial court for ruling.  Consequently, the additional materials do not change the outcome that Atkins has not shown himself entitled to the extraordinary procedural remedy of mandamus.

Accordingly, we deny Atkins's petition for a writ of mandamus.[2]


                                        Jeff Rambin
                                        Justice

Date Submitted:     August 8, 2025
Date Decided:       August 11, 2025

---

[2]In light of this resolution, we deny Atkins's motions for emergency relief as moot.