

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00074-CV

IN RE JEREMY WAYNE ATKINS

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

Relator, Jeremy Wayne Atkins, proceeding pro se, filed a petition for a writ of mandamus, asking this Court to direct the Honorable Judge of the 354th Judicial District Court of Hunt County to comply with the mandatory transfer provisions of Section 155.201(b) of the Texas Family Code and transfer the case to Rockwall County, Texas. *See* TEX. FAM. CODE ANN. § 155.201(b) (Supp.). In his petition, Atkins alleges he filed a motion to transfer venue with the trial court on August 5, 2025. Atkins further alleges that the "trial court returned the proposed order unsigned, as shown in the certified docket entry."

One week ago, in a previous petition for a writ of mandamus, Atkins alleged that he filed a motion to transfer venue with the trial court on August 3, 2025. *See In re Atkins*, No. 06-25-00068-CV, 2025 WL 2301384, at \*1 (Tex. App.—Texarkana Aug. 11, 2025, orig. proceeding) (mem. op.). Atkins filed his petition for a writ of mandamus in this Court on that same date, contending that the trial court abused its discretion by not granting the motion. *Id.* We concluded in that matter that Atkins had not shown himself entitled to mandamus relief. *Id.*

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief." *In re Shugart*, 528 S.W.3d 794, 795 (Tex. App.—Texarkana 2017, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.3d 833, 837 (Tex. 1992) (orig. proceeding)); *see* TEX. R. APP. P. 52.3.

As in his previous petition, Atkins here essentially complains of the trial court's failure to rule on his motion to transfer and requests that we compel the trial court to act. As in the previous mandamus action, Atkins has again failed to show himself entitled to mandamus relief. We noted in our previous opinion, "To obtain mandamus relief here, [Relator] must establish that: (1) the motion was properly filed and had been *pending for a reasonable time*; (2) [*he*] *requested a ruling on the motion*; and (3) the trial court has either refused to rule or failed to rule within a reasonable time." *In re Atkins*, 2025 WL 2301384, at \*1 (alterations in original) (quoting *In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding)).

Here, Atkins has not established that he requested a ruling on his motion, nor has he cited any authority or otherwise established that the trial court refused to rule[1] or that a reasonable time for ruling has elapsed. *See In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.— Texarkana 2014, orig. proceeding). Further, Atkins failed to certify that he reviewed the petition and that the factual statement in the petition is supported by competent evidence, as is required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(j). The supplemental material submitted by Atkins is likewise unsworn.

---

[1] Atkins attached to his petition what appears to be a screenshot of an uncertified, partial docket sheet from "Hunt County Tyler Odyssey" that has references to proposed orders that were returned unsigned. The docket sheet, numbered "8/8," has no properties associating it with any party or cause number and is not certified in any manner, despite Atkins's reference to a "certified docket entry." In fact, the only possible reference to any particular entity on the screenshot indicates that a clerk's record was filed with the Fifth Court of Appeals, not this Court.

3

Accordingly, we deny Atkins's petition for a writ of mandamus.[2]


                                        Jeff Rambin
                                        Justice

Date Submitted:        August 18, 2025
Date Decided:          August 19, 2025

---

[2]In light of this resolution, we deny Atkins's motion for emergency relief as moot.