

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00120-CR
_____

IN RE JEREMY WAYNE ATKINS

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Relator, Jeremy Wayne Atkins, has filed a pro se petition for a writ of mandamus asking this Court to direct the Honorable Keli Aiken, judge of the 354th Judicial District Court of Hunt County (the trial court), "to rule upon and grant [his] pending Motion to Quash Indictment for Lack of Territorial Jurisdiction in Cause No. 35491CR." We deny Atkins's requested relief.

In his petition, Atkins asserts that the State charged him with the offense of stalking pursuant to Section 42.072 of the Texas Penal Code. *See* TEX. PENAL CODE ANN § 42.072 (Supp.). He contends that, at the time the offense was alleged to have occurred, the purported stalking victim resided in Rockwall County and that he "was physically present in Utah." According to Atkins, he filed the motion to quash the indictment "[b]ecause the alleged conduct occurred in Utah and the alleged complainant resided in Rockwall County at all relevant times, Hunt County lacks territorial jurisdiction over this case." Although the record shows that Atkins filed his motion to quash less than two weeks ago on August 18, 2025, he takes issue with the trial court, complaining that the trial court has yet to rule on his motion. He asks this Court to grant his requested relief and direct the trial court to rule on his August 18, 2025, motion to quash for lack of jurisdiction.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator is obligated to provide this court with a record sufficient to establish his right to mandamus relief." *In re Shugart*, 528 S.W.3d 794, 795 (Tex. App.—Texarkana 2017, orig.

proceeding) (citing *Walker v. Packer*, 827 S.W.3d 833, 837 (Tex. 1992) (orig. proceeding)); *see* TEX. R. APP. P. 52.3. In this case, Atkins was required to show that "(1) [his] motion was properly filed and ha[s] been pending for a reasonable time; (2) [he] requested a ruling on the motion; and (3) the trial court . . . either refused to rule or failed to rule [on his motion] within a reasonable time." *See In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding).

Among other inadequacies, Atkins has not established that he asked the trial court to rule on his motion and that "the trial court . . . either refused to rule or failed to rule on [his] motion within a *reasonable time*." *Id.* (emphasis added).

For this reason, we deny Atkins's petition for a writ of mandamus.


                                          Scott E. Stevens
                                          Chief Justice


Date Submitted:       August 26, 2025
Date Decided:         August 27, 2025

Do Not Publish